IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCENT MARINO,

        Plaintiff,                                       08cv1249

                                                **ELECTRONICALLY FILED**

       v.

JOHN MOOK, *City of Pittsburgh Detective,*
*Defendant # D 3510* and
JAMES JOYCE, *City of Pittsburgh Detective,*
*Defendant # G 3425*,

        Defendants.

## ORDER OF COURT DENYING PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT (DOC. NO. 45) AND GRANTING PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 46)

On December 2, 2008, this Court entered, at Document No. 47, an "Order of Court Denying Plaintiff's Motion for Leave of Court to Amend Complaint (Doc. No. 45) and Denying Without Prejudice Plaintiff's Motion to Compel (Doc. No. 46)." In its entirety, said Order of Court stated as follows:

      Plaintiff's latest motions are: (i) a "Motion for Leave of Court to Amend Complaint" (doc. no. 45); and (ii) a "Motion to Compel Against Defendant's, John Mook, James Joyce for Defendant's Failure to Answer Plaintiff's Request for Production of Documents/ Interrogatories Directed to Defendant's, John Mook, James Joyce" (doc. no. 46). Both motions will be denied.

      Plaintiff's Motion for Leave of Court to Amend Complaint (doc. no. 45) requests leave, pursuant to Fed.R.Civ.P. 15(a), to further amend his Amended Complaint in order to add a citation reference to the statutory authority he asserts supports his claim for injunctive relief, and so "that he can amend Count II, ¶ 23, ¶ 24, his complaint for the very important reasons that certain pertinent matters in of his past criminal proceedings are left out as to withdrawn/ dismissed substantive charges underlying the 2 arrest(s) that are in his favoritism further the abuse of police power in result." Motion for Leave of Court to Amend Complaint (doc. no. 45). Although amendment to complaints and other pleadings ordinarily are to be liberally granted under Fed.R.Civ.P. 15(a), plaintiff misunderstands the nature of notice pleading.

> Plaintiff's Amended Complaint is adequate to give notice to defendants of the nature and the specifics of his claims and to afford defendants an adequate opportunity to respond, which they have done by way of a motion to dismiss raising the potential bar to his claims imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994). A complaint is not a vehicle in which to cite every possible law, statute or authority that might be relevant to the case, or to argue against defenses raised by defendants, which is what plaintiff seeks to do by his proposed second amended complaint. Because plaintiff's proposed amendments are unnecessary, confusing and argumentative, and because the attached second amended complaint does not purport to cure plaintiff's *Heck v. Humphrey* problem, the Court HEREBY DENIES Plaintiff's Motion for Leave of Court to Amend Complaint (doc. no. 45).
>
> The Court also HEREBY DENIES plaintiff's "Motion to Compel Against Defendant's, John Mook, James Joyce for Defendant's Failure to Answer Plaintiff's Request for Production of Documents/ Interrogatories Directed to Defendant's, John Mook, James Joyce" (doc. no. 46), without prejudice to his right to obtain discovery, following the Court's ruling on the pending motion to dismiss (which has been converted to a motion for summary judgment, see Order of Court dated November 26, 2008 (doc. no. 40)). Plaintiff specifically states that no new discovery is necessary "to further this claim concluding the [proposed] amendment," Plaintiff's Motion for Leave of Court to Amend Complaint (doc. no. 45) at ¶ 6, and he does not indicate in his motion to compel that his ability to respond to defendants' motion to dismiss/ converted motion for summary judgment has been hindered by defendants' "failure" to respond to his requests for documents and answers to interrogatories. The briefing on defendants' motion will be completed by January 5, 2009, and this Court will follow its usual practice of ruling swiftly on pending dispositive motions. If thereafter, additional time is needed to complete discovery in orderly fashion, the Court will adjust the case management order and will consider any motions for sanctions or to compel discovery. In the meantime, defendants are encouraged to comply with the rules of procedure and this Court's case management order regarding discovery.

Order of December 2, 2008 (doc. no. 47).

The following day, plaintiff filed a motion for reconsideration (doc. no. 48) of the December 2, 2008 Order of Court. With regard to the motion to compel, plaintiff asserted that, contrary to this Court's statement that plaintiff "does not indicate in his motion to compel that his ability to respond to defendants' motion to dismiss/ converted motion for summary judgment has

2

been hindered by defendants' 'failure' to respond to his requests for documents and answers to interrogatories," the requested discovery is needed to respond properly to the motion to dismiss (converted to a motion for summary judgment). Motion for Reconsideration (doc. no. 48), at ¶¶ 10, 11.

The Court granted plaintiff's motion for reconsideration by Order of December 4, 2008 (doc. no. 51), stating, in pertinent part, as follows:

> After careful consideration of petitioner's motion for reconsideration, because plaintiff is pro se and not experienced with the intricacies of the Federal Rules of Civil Procedure, and out of an abundance of caution, the Court HEREBY GRANTS plaintiff's motion for reconsideration (doc. no. 48).
>
> Consistent with this grant of reconsideration, IT IS FURTHER ORDERED that the Order of December 2, 2008 (doc. no. 47) is VACATED; plaintiff's "Motion for Leave of Court to Amend Complaint" (doc. no. 45) and "Motion to Compel Against Defendant's, John Mook, James Joyce for Defendant's Failure to Answer Plaintiff's Request for Production of Documents/ Interrogatories Directed to Defendant's, John Mook, James Joyce" (doc. no. 46) are REINSTATED, and defendants are DIRECTED to respond to said reinstated motions on or before **December 23, 2008.**

Defendants have failed to respond to the reinstated motions to amend the complaint and to compel discovery, and the Court will rule on said motions in the absence of such response by defendants.

**Motion to Amend (doc. no. 45)**.

For the reasons set forth above in its initial order denying this motion for leave to amend, the Court will again deny this motion. Plaintiff's proposed amendments remain "unnecessary, confusing and argumentative" and "the attached second amended complaint does not purport to cure" the *Heck v. Humphrey* issue, the sole issue before the Court in defendants' motion to dismiss (converted to a motion for summary judgment) (doc. no. 38).

**Motion to Compel (doc. no. 46).**

Plaintiff's "Motion to Compel Against Defendant's, John Mook, James Joyce for Defendant's Failure to Answer Plaintiff's Request for Production of Documents/ Interrogatories Directed to Defendant's, John Mook, James Joyce" (doc. no. 46) will be granted in the absence of objection or response by defendants.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Amend (doc. no. 45) is HEREBY DENIED.

2. Plaintiff's "Motion to Compel Against Defendant's, John Mook, James Joyce for Defendant's Failure to Answer Plaintiff's Request for Production of Documents/ Interrogatories Directed to Defendant's, John Mook, James Joyce" (doc. no. 46) is HEREBY GRANTED; on or before **January 19, 2008**, defendants shall serve their Answers to plaintiff's interrogatories and responses to his Request for Production of Documents under Rule 34, as are identified and requested in plaintiff's motion to compel.

IT IS FURTHER ORDERED that on or before **January 28, 2008**, plaintiff may file a Supplemental Brief in Opposition to Motion to Dismiss/ Summary Judgment addressed solely to any facts, matters or issues disclosed by defendants in response to this Order of Court.

        SO ORDERED this 7th day of January, 2008

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All Registered ECF Counsel and Pro Se Parties

Vincent Marino
3324 Dawson Street
Pittsburgh, PA 15213
PRO SE PLAINTIFF