IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCENT MARINO,

      Plaintiff,                08cv1249
                                      **ELECTRONICALLY FILED**

   v.

JOHN MOOK, *City of Pittsburgh Detective,*
*Defendant # D 3510* and
JAMES JOYCE, *City of Pittsburgh Detective,*
*Defendant # G 3425*,

      Defendants.

## <u>MEMORANDUM OPINION</u>

### I.    INTRODUCTION

Vincent Marino filed a complaint against City of Pittsburgh Police Detectives John Mook and James Joyce, arising from a brief traffic, investigatory stop on June 26, 2007, the subsequent investigation and ultimately the prosecution of plaintiff for harassment, stalking and terroristic threats. Eventually, plaintiff entered into a plea agreement which resulted in a plea to one count of disorderly conduct and a plea of *nolo contendere* to another, with the original charges dismissed.

In his amended complaint, plaintiff states the following counts: one, that his Fourth Amendment right was violated in the initial, brief, traffic stop; two, that his Fifth and Fourteenth Amendment rights were violated in the subsequent prosecution; three, he requests the Court to grant him injunctive relief; four, he appears to state a Pennsylvania common law civil conspiracy claim; and five, he alleges a Pennsylvania state law claim for willful misconduct.

Defendants filed a motion to dismiss, but because documents outside the pleadings were attached, this Court converted said motion to a motion for summary judgment pursuant to Fed. R.

Civ. P. 12(d). After careful consideration of the motion for summary judgment, and the briefs in support and in opposition to that motion, this Court will grant summary judgment for the defendants.

## II.     FACTUAL BACKGROUND

The facts are not in dispute. On June 26, 2007, the plaintiff, Vincent Marino, was pulled over by defendants, City of Pittsburgh Police Detectives John Mook and James Joyce. Upon approaching Mr. Marino, Detective Mook told him that one of his brake lights was out and that he was being investigated for an open harassment case. Mr. Marino, after being asked by Detective Mook, and of his own free will, followed the detectives to the police station for questioning with regard to the harassment investigation.[1] Plaintiff understood that he was not under arrest and that he could leave at any time. After one and one half hours of questioning, he left on his own volition.

On July 11, 2007, Detective Mook executed a warrant for Marino's arrest, issued as a result of the questioning on June 26, 2007, for three counts each of terroristic threats, 18 Pa. C.S.A. § 2706, harassment, 18 Pa. C.S.A. § 2709(a), and stalking, 18 Pa. C.S.A. § 2709(b), made to three members of the Opferman family. Court of Common Pleas of Allegheny County, docket CC 2007 12128. At the scheduled preliminary hearing on July 19, 2007, Mr. Marino was again placed under arrest by the defendants, this time for one count each of terroristic threats, harassment, and stalking made to a Susan Smith. Court of Common Pleas of Allegheny County, docket CC 2007 12131.

---

[1] There is a factual dispute as to whether there was a confession made during this questioning: Detective Mook recalls Marino confessed to making the calls, while Marino denies it. This Court does not and will not address this non-material issue because of Marino's subsequent guilty and *nolo* pleas to the criminal charges, thereby enforcing the *Heck* bar to this civil rights suit.

Marino plead guilty pursuant to a counseled plea agreement for one summary offense of disorderly conduct, 18 Pa. C.S.A. § 5503, for the calls placed to the Opfermans. He also entered a plea of *nolo contendere* for disorderly conduct, pursuant to the same counseled plea agreement, for the calls placed to Susan Smith.

Marino, appearing *pro se*, brought this action on September 9, 2008. In his amended complaint, he alleged that his Fourth and Fifth, by way of the Fourteenth, Amendment rights were violated, initially by the actions of the detectives beginning with the traffic stop and investigation of harassment and stalking, and ultimately by the criminal prosecution. Of five counts, three allege a violation of his civil rights under 42 U.S.C. § 1983 (hereinafter "section 1983"). His first count alleges that his Fourth Amendment right was violated when he was initially pulled over by the detectives, followed them to the station, and subsequently questioned for one and one half hours about the harassment complaint. His second count alleges that his Fifth and Fourteenth Amendment rights were violated in the subsequent criminal prosecutions. The third count is actually a prayer for injunctive relief, while his fourth count alleges that there was a civil conspiracy to deny him his civil rights. The fifth count involves a violation of Pennsylvania law, and claims that between the time of the initial traffic stop and his eventual plea bargain, defendants engaged in willful misconduct. 42 Pa. C.S.A. § 8550.

This Court has examined plaintiff's original and amended complaints, and finds that his related civil rights counts state claims in the nature of malicious prosecution, based upon the detectives' investigatory stop and criminal prosecution for harassment, stalking, and terroristic threats.

Defendants filed a motion to dismiss (doc. no. 38) pursuant to Fed. R. Civ. P. 12(b)(6),

alleging the *Heck* bar precluded Marino from recovery. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Because the defendants attached court documents in support of the motion, this Court converted

it to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), which states "[i]f, on a

motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

excluded by the court, the motion shall be treated as one for summary judgment as provided in

Rule 56 . . . ." See Order of Court (doc. no. 40)**.**

## III.    SUMMARY JUDGMENT STANDARDS

Fed. R. Civ. P. 56(c) now provides that on a motion for summary judgment, the

"judgment sought should be rendered if the pleadings, the discovery and disclosure materials on

file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law."  "Rule 56 of the Federal Rules of Civil

Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at

trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007), citing *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986).  Summary judgment is appropriate "'if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law.'"  *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d

129, 130 (3d Cir. 2001), quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001)

(citations omitted).

An issue of material fact is genuine if the evidence is such that a reasonable jury could

return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."), citing *Anderson* and *Celotex Corp.* Recently, the United States Supreme Court "emphasized, [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372 (2007) (internal quotations omitted), quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, the court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

## IV.    DISCUSSION

Defendants argue that *Heck v. Humphrey* bars plaintiff's civil rights claims. 512 U.S. 477 (1994). When the complaint is fairly characterized as a claim for malicious prosecution, the common law malicious prosecution elements apply to the federal claims. *Id*. at 484.

In order to prove malicious prosecution, plaintiff must show the following:

5

(1) that the defendants initiated a criminal proceeding,
(2) the criminal proceedings ended in plaintiff's favor,
(3) the proceeding was initiated without probable cause,
(4) the defendants acted maliciously or for purposes other than bringing the plaintiff to justice, and
(5) plaintiff suffered deprivation of liberty consistent with the concept of seizures as a consequence of the legal proceeding.

*See Estate of Smith v. Marasco*, 318 F.3d 487, 521 (3d Cir. 2003).

If the plaintiff fails on the second factor, i.e., if the criminal prosecution did not end in plaintiff's favor, *Heck* bars the suit. However, the Court noted an exception: "But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

In order to show that the conviction ended in a favorable judgment, the plaintiff must show his conviction was: reversed on direct appeal, expunged by executive order, declared invalid by state tribunal, or called into question by habeas corpus. *Id.* If his conviction was not so disposed, the Court instructed that there would be no damages available under a section 1983 action, as a successful civil suit would collaterally attack the prior criminal conviction.

The United States Court of Appeals for the Third Circuit addressed a similar issue and applied the *Heck* bar in *Gilles v. Davis*, 427 F.3d 197 (3d Cir. 2005). The plaintiff resolved his previous criminal charges by entering Pennsylvania's Accelerated Rehabilitation Disposition program ("ARD"), and after a probationary period, the criminal charges were expunged from his record. This Court held that the section 1983 action was barred by *Heck*, and the Court of Appeals affirmed.

The Court of Appeals first stated that a condition to a successful section 1983 action is

the favorable resolution to the prior criminal proceeding because *Heck* placed a bar to prevent a collateral attack upon the criminal conviction in a civil case in order to prevent conflicting results arising from the same incident. *Id.* at 209.

The issue in *Gilles* was whether the ARD program was a favorable termination of the prior criminal proceeding. The Court of Appeals examined the Pennsylvania Rules of Criminal Procedure regarding the ARD program, and cited a comment within the Rules which stated that, though the ARD program was not a criminal conviction, it could be "construed as a conviction for purposes of computing sentences on subsequent convictions." *Id.*, citing 42 Pa. C.S.A. § 312. In surveying how district courts within Pennsylvania adjudged such matters, the Court agreed that the ARD program would not be a favorable disposition as far as a section 1983 claim was concerned. *See*, *e.g.*, *Nardini v. Hackett*, 2001 WL 1175130, *4 (E.D. Pa. 2001); *Davis v. Chub/Pac. Indem. Group*, 493 F.Supp. 89, 90 (E.D. Pa. 1980). Accordingly, the Court of Appeals affirmed, and held that the plaintiff was barred from bringing suit even though successful completion of an ARD program might allow the defendant's record to be expunged.

Much like *Gilles* and the ARD program, a conviction of a lesser charge than what the plaintiff was originally charged with is not a favorable termination within the context of a section 1983 malicious prosecution action. In *Imbergamo v. Castaldi*, 392 F.Supp. 2d 686 (M.D. Pa. 2005), the plaintiff's charges were reduced during a plea agreement. In a subsequent section 1983 suit, defendants, state police officers, filed a motion for summary judgment based on the contention that plaintiff's prior criminal conviction had not been favorably resolved. The plaintiff argued that because he was not convicted of the original charges of harassment, simple assault or aggravated assault, the much lesser charge of disorderly conduct he plead to was

indeed a favorable disposition.

The district court cited *Hilfirty v. Shipman*, 91 F.3d 573 (3d Cir. 1996), for the proposition that a favorable termination for a section 1983 action did *not* include a plea bargain, further stating that "if the prosecutor drops the [more serious] charges as part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under [section] 1983." *Imbergamo*, 392 F.Supp. 2d at 694, citing *Hilfirty,* 91 F.3d at 580 ("dismissal of charges as a result of a compromise is not an indication that the accused is actually innocent of the crimes charged.").

The district court then concluded that, despite the fact that a disorderly conduct charge was "favorable" to an aggravated assault charge for the plaintiff in the colloquial sense, it was certainly not favorable in any legal sense as defined in *Heck*. Because the plaintiff did not challenge his guilty plea or appeal his conviction, he could not call it into question during a subsequent civil suit. The *Heck* bar was applied, and the motion for summary judgment filed by the state police was granted.

In *Marable v. West Pottsgrove*, 2005 WL 1625055 (E.D. Pa. 2005), the Court followed the traditional rule that a *nolo contendere* plea is not to be considered a favorable termination in a section 1983 suit. In dealing with the malicious prosecution claim, the Court held that the *Heck* bar was applicable despite the fact that the plaintiff only pled *nolo contendere*, because under Pennsylvania law a *nolo contendere* and guilty plea are differentiated only by the fact that a *nolo* plea is not admissible in a civil trial. *See Eisenberg v. Commonwealth, Dep't of Public Welfare*, 516 A.2d 333 (Pa. 1986). The requirement that the prior criminal proceeding was adjudicated favorably for plaintiff, therefore, failed because of the *nolo contendere* plea. As a result,

8

summary judgment was entered for the defendants. *See also Moser v. Bascelli*, 879 F.Supp. 489 (E.D. Pa. 1995) (*Heck* bar applied where Pennsylvania defendant pled *nolo contendere* to charges against him).

It is undisputed that Marino was found guilty of a lesser charge pursuant to a plea bargain for the first set of charges, and pled *nolo contendere* to the other set of charges pursuant to the same plea bargain.

The Court of Appeals in *Hilfirty*, 91 F.3d 573, and the district courts within Pennsylvania, *see*, *e.g.*, *Imbergamo*, 392 F.Supp. 2d at 686, have held that a plea bargain to a lesser charge than what was originally brought is *not* a favorable disposition as far as a section 1983 claim was concerned. Much as the plaintiff in *Imbergamo* argued, Marino alleges that his guilty plea of a disorderly conduct is a favorable disposition of the criminal proceedings because it is far less serious than the original charges. As the Court of Appeals has ruled before, and as this Court rules now, a guilty plea resulting in a conviction of a lesser charge than what the defendant was charged with is not a favorable disposition insofar as a section 1983 claim is concerned. This Court therefore will apply the *Heck* bar, as the Court of Appeals did in *Gilles*, 427 F.3d at 197, and hold that there is no genuine issue regarding Mr. Marino's civil rights claims..

Mr. Marino also argues that his *nolo contendere* plea is a favorable disposition of the criminal charges, and therefore avoids the *Heck* bar. As set forth above, however, for section 1983 purposes, a *nolo contendere* plea is not a favorable termination of state charges. *See*, *e.g.*, *Marable*, 2005 WL 1625055 at *7; *Moser*, 879 F.Supp. at 493. Like a guilty plea to a lesser charge arising from a plea bargain, a *nolo contendere* plea is not a favorable disposition of the

underlying criminal charges.

The Court holds that plaintiff's federal civil rights claims, which are deemed to be in the nature of a malicious prosecution claim, are barred by *Heck v. Humphrey*.

Where all federal claims are dismissed on a dispositive motion, the district court may refrain from exercising its supplemental jurisdiction. 28 U.S.C. § 1367(c). *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). Where, as here, the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (where the claim over which district court had original jurisdiction is dismissed before trial, court should decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so). With regard to the state common law conspiracy and statutory (willful misconduct) claims, therefore, the Court declines to exercise its supplemental jurisdiction over said claims.

An appropriate order will be entered.

<u>s/ Arthur J. Schwab</u>
Honorable Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

Vincent Marino
3324 Dawson Street
Pittsburgh, PA 15213
Pro Se Plaintiff